Irving Morris **PILIAVIN** and Jane Allyn Piliavin

v.

Eldon L. **HOEL**, City Clerk for the City of Madison, Wisconsin, Defendant, State of Wisconsin, Intervenor.

No. 70-C-255.

United States District Court, W. D. Wisconsin.

Oct. 27, 1970.

Daniel W. Hildebrand, Madison, Wis., for plaintiffs.

Larry O'Brien, Asst. City Atty., Madison, Wis., for Hoel.

Robert W. Warren, Atty. Gen., Madison, Wis., amicus curiae.

John E. Armstrong, Asst. Atty. Gen., Madison, Wis., for intervenor.

Before PELL, Circuit Judge, and DOYLE and GORDON, District Judges.

## OPINION

JAMES E. DOYLE, District Judge.

A motion for an interlocutory injunction has been made by the plaintiffs, briefed, and argued before a three-judge court. This opinion is directed to that motion.

For the purpose of this motion, and only for this purpose, we make the findings stated in the following paragraph.

Plaintiffs are more than 21 years of age. They became residents of the City of Madison, State of Wisconsin, on July 4, 1970. On August 25, 1970, they requested the defendant City Clerk of Madison to register them as electors for the November 3, 1970, election at which there will be elected a United States Senator, a Congressman, a Governor of Wisconsin, other state executive officials, an Assemblyman, a county District Attorney, and other county officials. Each of the plaintiffs is permanently employed in Madison. They own a home in Madison. They are liable for local real estate taxes and state income taxes, and plaintiff Irving Piliavin has had state income taxes withheld from his salary. Each of them has a motor vehicle operator's license issued by the State of Wisconsin. An automobile owned by plaintiff Jane Piliavin is registered by the State of Wisconsin. The son of plaintiff Jane Piliavin, who resides with the plaintiffs, is enrolled in the public schools of Madison. Each of the plaintiffs has become familiar with the names, backgrounds, and viewpoints of many of the candidates in the November 3, 1970 election. As City Clerk of Madison, defendant is responsible for registering electors, maintaining an official registry of electors, and enforcing the election laws of the State of Wisconsin in the City of Madison. Defendant refused to register the plaintiffs as electors solely because each of them failed to meet the statutory requirement that to become an elector, one must have resided in Wisconsin for six months preceding any election. Secs. 6.02, 6.15, and 6.33, Wis.Stat.

In this action plaintiffs seek a declaratory judgment that the Wisconsin statutes which embody the six months' residence requirement violate the equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States, and they seek appropriate injunctive relief against the enforcement, operation, and execution of the said statutes.

Plaintiffs allege that the defendant, under color of the disputed Wisconsin Statutes, is subjecting them to the deprivation of rights, privileges, or immunities secured by the Fourteenth Amendment. 42 U.S.C. § 1983. Jurisdiction is present. 28 U.S.C. § 1343(3). The constitutional question is not insubstantial. A three-judge court is appropriate and necessary. 28 U.S.C. § 2281.

Plaintiffs seek to sue on behalf of a class consisting of all those similarly situated, that is, those adult residents of Wisconsin who are barred from becoming electors only because they will not have resided in Wisconsin for six months preceding November 3, 1970. Also they seek to sue defendant as representative of a class consisting of all those local election officials in Wisconsin who are required by statute to enforce the six months' residence test.

Later in this opinion, some of the implications of the intended class action will be considered. For the present purpose, however, it is unnecessary to determine whether the action is properly brought as a class action.

On a motion for a preliminary injunction, the plaintiffs must establish

among other things, that there is a reasonably good chance that they will ultimately prevail in their contention. We conclude that the plaintiffs have failed to meet this requirement.

It requires no elaboration to conclude that the right to vote is a fundamental right under the Constitution of the United States. In testing statutes such as those here challenged which obviously restrict the right to vote, we will assume for the present, without now deciding, that the standard is that urged by the plaintiffs: namely, that the state must demonstrate a compelling interest which requires the imposition of the restriction. Plaintiffs do not appear to contend that there is an absence of a compelling interest on the part of the state which supports the imposition of some residency test in terms of duration. In any event we are persuaded that there is such a compelling interest.

The true question then goes to the specific time period chosen by the state. It is not clear whether, with respect to testing the validity of a specific durational residency test (for example, one month, or six months, or one year), the standard to be applied is the "compelling interest" standard or a standard of reasonableness. Again, we will assume for the present, without deciding, that the standard to be applied is the compelling interest standard.

We appreciate the force of the plaintiffs' contention that the development of the compelling interest standard in certain voting cases, and in other constitutional litigation, may well have attenuated the precedential effect of the decision of the Supreme Court of the United States in Pope v. Williams, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817 (1904), in which a one-year residence requirement was held valid. Nevertheless, in the face of *Pope,* and in the face of the fact that 48 states continue to

impose state residency requirements of six months or more for voting purposes, we conclude that there is an insufficient chance that plaintiffs will ultimately prevail in their contention.[1]

For the reasons stated, and on the basis of the entire record herein, the motion for a preliminary injunction must be denied.

---

1. In Affeldt v. Whitcomb, 319 F.Supp. 69, N.D.Ind., 1970, a three-judge court decided that Indiana's six months durational state residence voting requirement

offends the Fourteenth Amendment. We are aware of no other court decision invalidating a state residency voting requirement of six months or less.